UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| PHIL PLEASANT,<br><br>        Plaintiff,<br><br>vs.<br><br>DICK ZAIS and the CITY OF YAKIMA, WASHINGTON,<br><br>        Defendants. | No. CV-07-3080-LRS<br><br>**ORDER DENYING MOTION TO DISMISS** |

**BEFORE THE COURT** is Defendants' Motion To Dismiss pursuant to Fed. R. Civ. P. 12(b)(2) (lack of personal jurisdiction), 12(b)(4) (insufficient process), and 12(b)(5) (insufficient service of process). (Ct. Rec. 13). Defendants contend Plaintiff did not timely and correctly serve process upon them and therefore, that the court lacks personal jurisdiction over the Defendants.

The executed Summons filed in this matter indicates Defendant served the "City of Yakima" by "registered mail." (Ct. Rec. 2). Defendants indicate the Summons and Complaint were received by certified mail at City Hall on September 18, 2007. This is improper service. A municipal corporation must be served by delivering a copy of the summons and complaint to its chief executive officer or by serving a copy of each in the manner prescribed by state law for serving a summons or like process on such a defendant. Fed. R. Civ. P. 4(j)(2). Revised Code of Washington (RCW) 4.28.080(2) provides that service against an

**ORDER DENYING
MOTION TO DISMISS-            1**

incorporated city may be achieved by delivery to the mayor, city manager, or, during normal office hours, to the mayor's or city manager's designated agent or the city clerk. Individual defendants, such as "Dick Zais" in the captioned matter, need to be served by delivering a copy of the summons and complaint to the individual personally. Fed. R. Civ. P. 4(e) and RCW 4.28.080(15).

> Where service of process is insufficient, the court has discretion to dismiss the action or simply quash the existing service and direct that the Defendants be re-served properly. *Montalbano v. Easco Hand Tools, Inc.*, 766 F.2d 737, 740 (2nd Cir. 1985). Defendants note that since the summons and complaint were not properly served within 120 days of the filing of the complaint on September 17, 2007, the action is potentially subject to dismissal pursuant to Fed. R. Civ. P. 4(m). Defective service does not satisfy Rule 4(m). That rule provides that if a defendant is not served within 120 days after the complaint is filed, the court "must dismiss the action without prejudice against the defendant or order that service be made within a specified time." If, however,"the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." The court finds the fact that plaintiff is proceeding *pro se* in this matter constitutes good cause for his failure to correctly serve the Defendants within the 120 day period. *Moore v. Agency for International Development*, 994 F.2d 874, 876 (D.C. Cir. 1993)("Pro se litigants are allowed more latitude than litigants represented by counsel to correct defects in service of process and pleadings"). Accordingly, the court will not dismiss the action at this juncture, but will extend the time for the Plaintiff to effect proper service upon the Defendants. This result is also appropriate as the court is concerned the applicable statute of limitations may bar re-filing of this action if it were dismissed, and because it is not evident that extending the time for Plaintiff to effect proper service will prejudice Defendants' ability to defend on the merits of Plaintiff's claims.

> Defendant's Motion To Dismiss (Ct. Rec. 13) is **DENIED**. Plaintiff is

**ORDER DENYING**
**MOTION TO DISMISS-        2**

hereby allowed 40 days from the date of this order to properly serve Defendants Dick Zais and the City of Yakima pursuant to the provisions of the Federal Rules of Civil Procedure and/or the Revised Code of Washington as set forth above. Plaintiff may wish to enlist the services of a professional process server to serve Defendant Zais personally with the summonses and complaints in his individual capacity and in his capacity as the city manager/chief executive officer of the City of Yakima.[1] It will be necessary for the Plaintiff to have summonses re-issued by the District Executive (aka Clerk of the Court), one for Defendant Zais and one for the City of Yakima. **PLAINTIFF IS CAUTIONED THAT FAILURE TO PROPERLY EFFECT SERVICE WITHIN THIS ADDITIONAL 40 DAY PERIOD WILL RESULT IN DISMISSAL OF THIS ACTION WITHOUT PREJUDICE.**

**IT IS SO ORDERED**. The District Executive shall forward copies of this order to Plaintiff and to counsel for Defendants.

**DATED** this 17th of April, 2008.

*s/Lonny R. Suko*

LONNY R. SUKO
United States District Judge

---

[1] Plaintiff is not proceeding *in forma pauperis* and so this court is not required to direct the U.S. Marshal to serve process on his behalf. Fed. R. Civ. P. 4(c)(3).

**ORDER DENYING MOTION TO DISMISS-** 3