UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

PHIL PLEASANT, )
 )
 Plaintiff, )  No. CV-07-3080-LRS
 )
 vs. )  **ORDER DENYING MOTIONS**
 )  **FOR RECONSIDERATION**
DICK ZAIS and the CITY OF )  **AND TO COMPEL**
YAKIMA, WASHINGTON, )
 )
 Defendants. )
_____)

**BEFORE THE COURT** is the Plaintiff's Motion For Reconsideration Of The Court's Order Granting Sanctions (Ct. Rec. 42) and Plaintiff's Motion To Compel Discovery (Ct. Rec. 41). These motions are heard without oral argument.

**Reconsideration**

Plaintiff asks the court to reconsider its June 13, 2008 "Order Granting Motion For Sanctions" (Ct. Rec. 40).

" '[T]he major grounds that justify reconsideration involve an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Pyramid Lake Paiute Tribe v. Hodel*, 882 F.2d 364, 369 n.5 (9th Cir. 1989) (quoting 18 C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 4478, at 790); see *Frederick S. Wyle P.C. v. Texaco, Inc.*, 764 F.2d 604, 609 (9th Cir. 1985); see also *Keene Corp. v.*

**ORDER DENYING MOTIONS FOR
RECONSIDERATION AND TO COMPEL-    1**

*International Fidelity Ins. Co.*, 561 F. Supp. 656, 665 (N.D. Ill. 1982) (reconsideration available "to correct manifest errors of law or fact or to present newly discovered evidence").

In considering whether sanctions were warranted, the court was compelled to make certain credibility determinations. Based on the record before it, the court made those determinations and awarded sanctions against the Plaintiff for failing to comply with initial disclosure obligations. Plaintiff's motion for reconsideration essentially argues nothing more than the court was wrong to believe the version of events offered by Defendants' counsel. Plaintiff offers nothing new. This court believes it adequately articulated its reasons for believing Defendant's counsel and discounting the version of events offered by Plaintiff. The court did not commit a clear error. Nor does it constitute a "manifest injustice" to award sanctions against the Plaintiff, despite the fact he is proceeding *pro se*. The court specifically discussed this fact and took it into account in deciding whether to award sanctions and the amount of the same.

Plaintiff's Motion For Reconsideration Of The Court's Order Granting Sanctions (Ct. Rec. 42) is **DENIED**.

**Motion To Compel**

In its "Order Granting Motion For Sanctions," the court advised Plaintiff that if he believed Defendants' objections to his interrogatories and requests for production were not valid, he could file a motion to compel asking the court to rule on the validity of the objections. (Ct. Rec. 40 at pp. 2-3, n. 1).

The Plaintiff has filed a motion to compel, although it is summary in nature and does not offer any specific argument as to why Plaintiff believes the objections are invalid. Defendants contend the motion should be denied because Plaintiff did not comply with LR 37.1(b) which requires the parties to meet and confer regarding their discovery dispute before they file discovery-related

**ORDER DENYING MOTIONS FOR RECONSIDERATION AND TO COMPEL-    2**

motions. Based on the history of this case thus far, the court believes requiring the parties to meet and confer will accomplish very little, if anything. Accordingly, the court is not going to enforce that requirement in this instance.

Having reviewed the discovery requests and the objections thereto, the court concludes the objections are valid. It appears that in some instances (i.e., Interrogatory Nos. 1, 2, 3, 4, 5, 7, 13 and 15) Plaintiff may be able to re-work his questions to satisfy Defendants' objections (i.e, be more specific about the meaning of a particular term and specify a particular time period). Plaintiff's Motion To Compel (Ct. Rec. 41) is **DENIED**, although Plaintiff is granted leave to submit new discovery requests to Defendants in an attempt to satisfy the objections tendered by Defendants.

If the Plaintiff submits revised interrogatories prior to the discovery cut-off date of August 18, 2008, Defendants shall have 30 days from the date of service of such interrogatories to respond thereto. Except as noted herein, no additional discovery shall occur after August 18, 2008 in the absence of mutual consent of the parties and court approval.

**IT IS SO ORDERED**. The District Executive shall forward copies of this order to Plaintiff and to counsel for Defendants.

**DATED** this   28th    of July, 2008.

*s/Lonny R. Suko*

LONNY R. SUKO
United States District Judge

**ORDER DENYING MOTIONS FOR RECONSIDERATION AND TO COMPEL-    3**