UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| PHIL PLEASANT, | ) |
| | ) |
| Plaintiff, | ) No. CV-07-3080-LRS |
| vs. | ) **ORDER GRANTING** |
| | ) **DEFENDANTS' MOTION** |
| | ) **FOR SUMMARY JUDGMENT** |
| DICK ZAIS and the CITY OF YAKIMA, WASHINGTON, | ) |
| | ) |
| Defendants. | ) |

**BEFORE THE COURT** is Defendants' Motion For Summary Judgment (Ct. Rec. 47). This motion is heard without oral argument.

Plaintiff's complaint asserts causes of actions under 42 U.S.C. Sections 1981, 1983, and 2000e-2(a) (Title VII), for alleged racial discrimination. Plaintiff also asserts a cause of action under 12 U.S.C. Section 1701(u) of the Housing and Urban Development Act of 1968, and apparently also a common law cause of action for breach of contract.

Defendants now move for summary judgment on all causes of action.

**I. FACTS**

Plaintiff has not filed a statement of disputed facts and therefore, the facts contained in Defendants' "Statement of Material Facts" (Ct. Rec. 50) are assumed

**ORDER GRANTING MOTION
FOR SUMMARY JUDGMENT-    1**

to exist without controversy. LR 56.1(d). That said, the court has considered the points raised in Plaintiff's "Motion Against Summary Judgment" (Ct. Rec. 55).

## II. DISCUSSION

### A. Summary Judgment Standard

The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court. *Zweig v. Hearst Corp.*, 521 F.2d 1129 (9th Cir.), *cert. denied*, 423 U.S. 1025, 96 S.Ct. 469 (1975). Under Fed. R. Civ. P. 56, a party is entitled to summary judgment where the documentary evidence produced by the parties permits only one conclusion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505 (1986); *Semegen v. Weidner*, 780 F.2d 727, 732 (9th Cir. 1985). Summary judgment is precluded if there exists a genuine dispute over a fact that might affect the outcome of the suit under the governing law. *Anderson*, 477 U.S. at 248.

The moving party has the initial burden to prove that no genuine issue of material fact exists. *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348 (1986). Once the moving party has carried its burden under Rule 56, "its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Id.* The party opposing summary judgment must go beyond the pleadings to designate specific facts establishing a genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548 (1986).

In ruling on a motion for summary judgment, all inferences drawn from the underlying facts must be viewed in the light most favorable to the nonmovant. *Matsushita*, 475 U.S. at 587. Nonetheless, summary judgment is required against a party who fails to make a showing sufficient to establish an essential element of a claim, even if there are genuine factual disputes regarding other elements of the claim. *Celotex*, 477 U.S. at 322-23.

**ORDER GRANTING MOTION**
**FOR SUMMARY JUDGMENT-    2**

**B.  42 U.S.C. Section 2000e-2(a) (Title VII)**

It is undisputed that Plaintiff was not an employee of the City of Yakima. Plaintiff was an independent contractor who contracted with the City to do certain housing rehabilitation construction work for the City.  The dispute between Plaintiff and Defendants arises from this non-employment contract.

§2000e-2 pertains to "unlawful employment practices" and there is no evidence of an "employer/employee" relationship between Plaintiff and the City of Yakima as those terms ("employer" and "employee") are defined at 42 U.S.C. §2000e(b) and (f).  Accordingly, as a matter of law, Plaintiff has no claim against Defendants under Title VII.[1]

**C.  42 U.S.C. Section 1981**

The Ninth Circuit recognizes a Section 1981 claim for discrimination in non-employment contracts.  *Lindsey v. SLT Los Angeles, LLC*, 447 F.3d 1138, 1144 (9th Cir. 2006).  To establish a *prima facie* case of racial discrimination in non-employment contracts, a plaintiff must show: 1) he is a member of a racial minority; 2) Defendants intended to discriminate against him on the basis of race; and 3) the discrimination concerned one or more of the activities enumerated in the statute (i.e., the right to make and enforce contracts).

The crux of Plaintiff's allegation of racial discrimination is the fact that when Plaintiff, an African-American, was unable to finish the project at 708 S. 7th Street in Yakima, the City hired a white contractor (J.A.L. Construction) to finish the project.  By January 15, 2002, Plaintiff, doing business as Pleasant's

---

[1] If Plaintiff intended to assert a claim under 42 U.S.C. Section 2000d, prohibiting discrimination under Federally assisted programs, that claim would fail as a matter of law for the reasons discussed below pertaining to his Section 1981 and 1983 claims.

**ORDER GRANTING MOTION
FOR SUMMARY JUDGMENT-     3**

Contracting Services (PCS), had been paid $63,232.36 by the City in connection with the project. This figure is arrived at as follows: Plaintiff's original contract with the City in the amount of $62,070.00, plus one change order in the amount of $7,842.36 for a total of $69,912.36, less $6,680.00 of contract value that had not been earned and disbursed to Plaintiff. On or about February 7, 2002, Plaintiff received a punch list prepared by the City for ongoing construction deficiencies at the project. (Ex. to Plaintiff's Complaint, Ct. Rec. 1, at p. 45; Ex. 6 to Pleasant Dep., Ex. C to Ct. Rec. 53). Plaintiff recognized he was unable to complete the items on the list because he had run out of money and could not get his own contractors to do further work for him. (Pleasant Dep. at pp. 59-60, 63-64, Ex. C to Ct. Rec. 53). The City paid these contractors. A total of $8,788.88 was paid to Jack Hornor Electric, Inc., Lowe's Home Improvements, and Color Tile. J.A.L. Construction completed the project in April of 2002 at a total cost of $56,682.36. The City subsequently made a claim against Plaintiff's payment and performance bonds with Western Surety Company to recoup this amount and eventually brought a lawsuit in Yakima County Superior Court against both Western Surety and the Plaintiff.[2]

It is Plaintiff's contention that sometime in February or March 2002, he reached an agreement with City officials (Bill Cobabe and Marvin Miller) regarding the dollar amount necessary to take care of the items on the February 7, 2002 punch list. Plaintiff says this amount was approximately $11,000 to $12,000. (Pleasant Dep. at pp. 63- 64).[3] In a letter he sent to the City dated October 5,

---

[2] This lawsuit was commenced in very early 2004 (January/February). It was voluntarily dismissed by the City in January 2006. (Ex. A to Ct. Rec. 53 at pp. 79-92).

[3] The punch list estimate was $11,934.88. (Ex. to Plaintiff's Complaint, Ct. Rec. 1, at p. 45).

**ORDER GRANTING MOTION**
**FOR SUMMARY JUDGMENT-    4**

2002, Plaintiff asserted the agreement was that the remaining $6,680.00 of contract value that had not been earned and disbursed to Plaintiff would be used to pay off the Plaintiff's suppliers (Jack Hornor, Lowe's and Color Tile) and the City would complete the project and release Plaintiff's bond.  (Ex. A to Ct. Rec. 53 at p. 51).  At his recent deposition, Plaintiff testified that the approximately $6,000 owing on his contract was to be set off against the approximately $11,000, leaving the City approximately $5,000 "out of pocket." (Pleasant Dep. at p. 66).  Plaintiff contends the City violated this agreement by subsequently making a claim against his bond to recoup the amount the City had paid J.A.L. Construction to complete the project, and then suing the Plaintiff and the bonding company.

      The mere fact a white contractor was hired to finish the project, even at a cost in excess of $50,000, is not evidence of intentional racial discrimination on the part of the City.  The uncontroverted evidence of record is that there were significant deficiencies in the work performed by Plaintiff's contracting company that needed to be remedied, whether by a white contractor or a minority contractor, and that the $50,000 incurred by J.A.L. Construction was not excessive.  (Paragraph 9 of Affidavit of William Cook at Ct. Rec. 52, including Exs. B and C appended thereto).[4]

     Plaintiff claims that an April 2, 2002 "Final Inspection" report for 708 S. 7th Street, signed by Daniel Lamb, Rehabilitation Specialist for the City, shows that the work Plaintiff had done was completely satisfactory.  (Ex. attached to Ct. Rec.

---

[4] J.A.L. Construction was one of the original bidders on the project.  Its bid was $64,116, compared to Plaintiff's bid of $62,070. Ex. A to Cook Affidavit. Ex. C to the Cook Affidavit consists of photographs taken in February 2002 showing deficiencies in the work performed by Plaintiff's contracting company. J.A.L. Construction took photographs in March and April 2002 showing what was done by it to remedy those deficiencies. (Ex. 10 to Pleasant Dep., Ex. C to Ct. Rec. 53).

**ORDER GRANTING MOTION
FOR SUMMARY JUDGMENT-      5**

55). There is no indication, however, that Plaintiff did any more work on the project after late January 2002. As such, the April 2, 2002 "Final Inspection" seemingly refers to work that was performed by J.A.L. Construction in March and April 2002 after it assumed responsibility for completion of the project.[5] The Plaintiff offers as evidence other "Final Inspection" reports from calendar year 2001 which pertain to different residential properties which were rehabilitated. There is no indication who the contractors were on these projects and if they were minority or non-minority contractors. None of these reports, including the April 2, 2002 report, give rise to a reasonable inference that Plaintiff was purposefully discriminated against by the City on the basis of his race.

      The Plaintiff has not offered any evidence of intentional racial discrimination. Moreover, Plaintiff's discrimination claims are barred by the applicable limitations period. State statutes of limitations are borrowed with regard to 42 U.S.C. Section 1981 and 1983 claims. *Taylor v. Regents of Univ. of Cal.*, 993 F.2d 710, 711-12 (9th Cir. 1993). In Washington, a three year limitation period applies to such claims. RCW 4.16.080(2). Because Plaintiff's racial discrimination claims arose no later than October 2002 when he specified those claims in his letter to the City, they are barred since the captioned lawsuit was commenced in 2007. For these reasons, Plaintiff's Section 1981 claim fails as a matter of law.

      **D. 42 U.S.C. Section 1983**

      To state a claim under Section 1983, Plaintiff must demonstrate he was denied equal protection of the laws under the Fourteenth Amendment to the United States Constitution, "which is essentially a direction that all persons

---

[5] The name of the contractor is not identified on any of the Final Inspection reports supplied by Plaintiff.

**ORDER GRANTING MOTION**
**FOR SUMMARY JUDGMENT-    6**

similarly situated should be treated alike." *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001).

Because Plaintiff has not offered any evidence raising a genuine issue of material fact that he was discriminated against on the basis of race, his Section 1983 claim also fails as a matter of law. Furthermore, as discussed above, his Section 1983 claim is barred by the applicable statute of limitations.

### E.  12 U.S.C. Section 1701(u)

No private right of action exists under this provision of the Housing and Urban Development Act of 1968. *Nails Const. Co. v. City of St. Paul*, 2007 WL 423187 (D. Minn. 2007) at pp. 3-5 ("[S]ection 1701u does not contain language that creates rights. Rather than focusing on individual entitlements, its provisions focus on the Secretary [of Housing and Urban Development] and set forth broad standards").

Plaintiff's claim under this statutory section fails as a matter of law.

### F.  Breach Of Contract

Plaintiff acknowledges he has no written documentation evidencing the agreement he alleges he reached with the City in early 2002. (Pleasant Dep. at p. 66). "[A]n action upon a contract or liability, express or implied, which is not in writing, and does not arise out of any written instrument," must be commenced within three years. RCW 4.16.080(3). Plaintiff's cause of action arose no later than October 2002 when he sent his letter to the City asserting this alleged agreement had been breached. As the captioned lawsuit was not filed until 2007, Plaintiff's cause of action for breach of this agreement is barred by the applicable three year limitations period.

//
//

**ORDER GRANTING MOTION
FOR SUMMARY JUDGMENT-      7**

### G. Judicial Estoppel

Additionally, and alternatively, Plaintiff is judicially estopped from bringing any of his claims because of his failure to list them as potential assets in his March 2004 Chapter 7 bankruptcy petition, more specifically his failure to list them as "contingent and unliquidated claims of every nature." *Hay v. First Interstate Bank of Kalispell*, 978 F.2d 555, 557 (9th Cir. 1992). As evidenced by his October 5, 2002 letter to the City, in March 2004 when Plaintiff filed for bankruptcy, he knew all of the details of the claims he now asserts in the captioned matter. It matters not that Plaintiff was a defendant in the Yakima County Superior Court action that was commenced against him by the City in January/February 2004, even more so when it is apparent that Plaintiff attempted unsuccessfully to assert a counterclaim against the City for the sum of $500,000 (Ex. to Plaintiff's Complaint, Ct. Rec. 1, at p. 31).[6]

## III. CONCLUSION

For all of the reasons set forth above, Defendants' Motion For Summary Judgment (Ct. Rec. 47) is **GRANTED**. Plaintiff's "Motion Against Summary Judgment" (Ct. Rec. 55) is **DENIED**. Defendants are awarded judgment on all claims asserted against them by Plaintiff.

//
//
//

---

[6] Plaintiff asserts the City failed to arbitrate his claims as apparently required by the contract between the City and Plaintiff regarding the project. (Ex. to Plaintiff's Complaint, at p. 48, Paragraph 22). Plaintiff, however, offers no evidence that at any time he filed in writing with the City and the "Owner" (presumably HUD) a notice of demand for arbitration as required by this arbitration clause.

**ORDER GRANTING MOTION**
**FOR SUMMARY JUDGMENT-    8**

**IT IS SO ORDERED**.  The District Executive shall forward copies of this order to Plaintiff and to counsel for Defendants, enter judgment accordingly, and forward a copy of the judgment to Plaintiff and counsel for Defendants.  The District Executive shall close this file.

**DATED** this  17th   of October, 2008.

*s/Lonny R. Suko*

LONNY R. SUKO
United States District Judge

**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT-    9**